1  Michael Morrison (CSB # 72022)
Frances K. Greenleaf (CSB # 197937)
2  **JANSSEN, MALLOY, NEEDHAM, MORRISON,**
**REINHOLTSEN, CROWLEY & GRIEGO, LLP**
3  730 Fifth Street
P.O. Drawer 1288
4  Eureka, CA 95501
Telephone: (707) 445-2071
5  Facsimile:  (707) 445-8305

6  Attorneys for Defendant
Open Door Community Health Centers
7  dba Arcata Open Door Clinic

8

9                   **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11

12  ELIZABETH MILLER,                    Case No. CV 08 1593 WDB

13          Plaintiff,                   DEFENDANT OPEN DOOR
COMMUNITY HEALTH CENTERS dba
14  v.                                   HUMBOLDT OPEN DOOR CLINIC'S
ANSWER TO COMPLAINT FOR
15  OPEN DOOR COMMUNITY HEALTH           INJUNCTIVE RELIEF AND DAMAGES
CENTERS, a California corporation, dba
16  ARCATA OPEN DOOR CLINIC, and         **JURY TRIAL REQUESTED**
DOES ONE to FIFTY, inclusive,
17
        Defendants.
18  _____/

19

20          Defendant OPEN DOOR COMMUNITY HEALTH CENTERS, a California

21  corporation, doing business as ("dba") HUMBOLDT OPEN DOOR CLINIC

22  ("Defendant") hereby answers the Complaint ("Complaint") of Plaintiff ELIZABETH

23  MILLER ("Plaintiff") as follows:

24                        **JURISDICTION AND VENUE**

25          1.      The allegations contained in paragraph 1 are legal conclusions that the

26  Defendant is not obligated to answer. Defendant submits that jurisdiction is proper in this

27  Court pursuant to the provisions of 28 U.S.C. §1331 as a result of original jurisdiction

28  based on federal question.

DEFENDANT'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES            1

1    2.    Defendant admits that the conduct complained of allegedly occurred in

2 Arcata, California. Defendant submits that venue is proper in this Court pursuant to 28

3 U.S.C. §§ 84(a), 1331 and 1391.

4                                   **INTRODUCTION**

5    3.    Defendant admits that the Humboldt Open Door Clinic is located at 770 10th

6 Street, Arcata, California.  Defendant further admits that the Humboldt Open Door Clinic

7 is owned and operated by Defendant as a "dba" entity.  Except as expressly admitted,

8 Defendant denies all other allegations in paragraph 3 of the Complaint.

9    4.    Defendant admits that Plaintiff purports to bring an action for violation of

10 Plaintiff's legal rights under federal and California law as alleged in paragraph 4 of the

11 Complaint.  Except as expressly admitted, Defendant denies all other allegations in

12 paragraph 4 of the Complaint.

13                              **FACTUAL ALLEGATIONS**

14    5.    Defendant is without sufficient knowledge to form a belief that Plaintiff is

15 disabled as alleged in paragraph 5 of the Complaint and on that basis Defendant denies all

16 allegations of paragraph 5 of the Complaint.

17    6.    Defendant admits that the Humboldt Open Door Clinic is owned and operated

18 by Defendant.  Except as expressly admitted, Defendant denies all other allegations contained

19 in Paragraph 6 of the Complaint.

20    7.    Defendant admits that Defendant owns, possesses and keeps the Humboldt

21 Open Door Clinic but Defendant denies that Defendant was at all times relevant herein the

22 builder of the Humboldt Open Door Clinic.  Except as expressly admitted, Defendant denies

23 all other allegations contained in Paragraph 7 of the Complaint.

24    8.    Defendant admits that the Humboldt Open Door Clinic is owned and operated

25 by Defendant.  Except as expressly admitted, Defendant denies all other allegations contained

26 in Paragraph 8 of the Complaint.

27    9.    Paragraph 9 of the Complaint contains legal conclusions or principles that

28 Defendant is not obligated to answer.  To the extent that a response is required, Defendant

1   lacks sufficient information to form a belief and therefore expressly denies the allegations

2   contained in paragraph 9 of the Complaint.

3        10.    Defendant lacks sufficient information to form a belief and therefore denies

4   the allegations contained in paragraph 10 of the Complaint.

5        11.    Defendant admits that it is the owner and operator of the Humboldt Open Door

6   Clinic located in Arcata, California. Defendant denies that the Humboldt Open Door Clinic

7   was constructed after 1990. The remaining allegations contain legal conclusions that

8   Defendant is not obligated to answer. To the extent that a response is required, Defendant

9   lacks sufficient information to form a belief and therefore expressly denies the remaining

10  allegations contained in paragraph 11 of the Complaint.

11       12.    Defendant is informed and believes that Plaintiff visited the Arcata Open Door

12  Clinic located in Arcata, California on or about February 20, 2008 for the purpose of

13  obtaining medical services. Defendant expressly denies all other allegations contained in

14  paragraph 12 of the Complaint.

15       13.    Defendant is without sufficient knowledge to form a belief as to the truth

16  of the allegations contained in paragraph 13 of the Complaint and, on that basis,

17  expressly denies said allegations.

18       14.    Defendant denies the allegations contained in paragraph 14 of the

19  Complaint.

20       15.    Defendant denies the allegations contained in paragraph 15 of the

21  Complaint.

22       16.    Defendant admits that Plaintiff seeks various remedies in the Complaint,

23  but Defendant denies that Plaintiff is entitled to any of the relief requested. Defendant

24  expressly denies all other allegations contained in paragraph 16 of the Complaint.

25  **FIRST CAUSE OF ACTION**

26  **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

27  **(42 U.S.C. § 12101, et seq.)**

28       17.    Paragraph 17 of the Complaint simply incorporates by reference prior

paragraphs of the Complaint. Defendant incorporates by reference, as though fully set forth, its responses stated above to each of the paragraphs Plaintiff incorporates by reference.

18.    Paragraph 18 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 18 of the Complaint.

19.    Paragraph 19 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 19 of the Complaint.

20.    Paragraph 20 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 20 of the Complaint.

21.    Paragraph 21 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 21 of the Complaint.

22.    Paragraph 22 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 22 of the Complaint.

23.    Paragraph 23 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiffs interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 23 of the Complaint.

24.    Paragraph 24 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant

1  denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and

2  denies the allegations contained in paragraph 24 of the Complaint.

3      25.    Paragraph 25 of the Complaint contains legal conclusions or principles that

4  Defendant is not obligated to answer. To the extent that a response is required, Defendant

5  denies the allegations as contained in paragraph 25 of the Complaint.

6      26.    Paragraph 26 of the Complaint contains legal conclusions or principles that

7  Defendant is not obligated to answer. To the extent that a response is required, Defendant

8  denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and

9  denies the allegations contained in paragraph 26 of the Complaint.

10     27.    Paragraph 27 of the Complaint contains legal conclusions or principles that

11  Defendant is not obligated to answer. To the extent that a response is required, Defendant

12  denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and

13  denies the allegations contained in paragraph 27 of the Complaint.

14     28.    Defendant denies the allegations contained in paragraph 28 of the Complaint.

15     29.    Paragraph 29 of the Complaint contains legal conclusions or principles that

16  Defendant is not obligated to answer. To the extent that a response is required, Defendant

17  denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and

18  denies the allegations contained in paragraph 29 of the Complaint.

19     30.    Defendant admits that Plaintiff seeks certain remedies in the Complaint, but

20  Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 30 of the

21  Complaint. Defendant denies all other allegations contained in paragraph 30 of the

22  Complaint.

23     31.    Defendant denies the allegations contained in paragraph 31 of the Complaint.

24     32.    Defendant admits that Plaintiff seeks certain remedies in the Complaint, but

25  Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 32 of the

26  Complaint. Defendant denies all other allegations contained in Paragraph 32 of the

27  Complaint.

28     33.    Defendant admits that Plaintiff seeks certain remedies, but Defendant denies

1    that Plaintiff is entitled to any of the relief requested in paragraph 33 of the Complaint.

2    Defendant denies all other allegations contained in Paragraph 33 of the Complaint.

3                              **SECOND CAUSE OF ACTION**

4    **BREACH OF STATUTORY PROTECTIONS FOR PERSONS WITH PHYSICAL**

5            **DISABILITIES (California Health & Safety Code § 19955, et seq.)**

6        34.    Paragraph 34 of the Complaint simply incorporates by reference prior

7    paragraphs of the Complaint.  Defendant incorporates by reference, as though fully set forth,

8    its responses stated above to each of the paragraphs Plaintiff incorporates by reference.

9        35.    Paragraph 35 of the Complaint contains legal conclusions or principles that

10   Defendant is not obligated to answer. To the extent that a response is required, Defendant

11   denies Plaintiffs interpretation of the statutes, as the statutes speaks for themselves, and

12   denies the allegations contained in paragraph 35 of the Complaint.

13       36.    Paragraph 36 of the Complaint contains legal conclusions or principles that

14   Defendant is not obligated to answer. To the extent that a response is required, Defendant

15   denies Plaintiffs interpretation of the statutes, as the statutes speaks for themselves, and

16   denies the allegations contained in paragraph 36 of the Complaint.

17       37.    Paragraph 37 of the Complaint contains legal conclusions or principles that

18   Defendant is not obligated to answer. To the extent that a response is required, Defendant

19   denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and

20   denies the allegations contained in paragraph 37 of the Complaint.

21       38.    Paragraph 38 of the Complaint contains legal conclusions or principles that

22   Defendant is not obligated to answer. To the extent that a response is required, Defendant

23   denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and

24   denies the allegations contained in paragraph 38 of the Complaint

25       39.    Defendant is without sufficient knowledge to form a belief as to the truth of

26   the allegations contained in paragraph 39 of the Complaint and, on that basis, denies said

27   allegations.

28       40.    Defendant is without sufficient knowledge to form a belief as to the truth of

1  the allegations contained in paragraph 40 of the Complaint and, on that basis, denies said

2  allegations.

3      41.    Paragraph 41 of the Complaint contains legal conclusions or principles that

4  Defendant is not obligated to answer. To the extent that a response is required, Defendant

5  denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and

6  denies the allegations contained in paragraph 41 of the Complaint.

7      42.    Defendant denies the allegations contained in paragraph 42 of the Complaint.

8      43.    Defendant denies the allegations contained in paragraph 43 of the Complaint.

9      44.    Defendant denies the allegations contained in paragraph 44 of the Complaint.

10     45.    Defendant denies the allegations contained in paragraph 45 of the Complaint.

11     46.    Defendant admits that Plaintiff seeks certain remedies, but Defendant denies

12 that Plaintiff is entitled to any of the relief requested in paragraph 46 of the Complaint.

13 Defendant denies all other allegations contained in paragraph 46 of the Complaint

14     47.    Defendant admits that Plaintiff seeks certain remedies, but Defendant denies

15 that Plaintiff is entitled to any of the relief requested in paragraph 47 of the Complaint.

16 Defendant denies all other allegations contained in paragraph 47 of the Complaint.

17     48.    Defendant denies the allegations contained in paragraph 48 of the Complaint.

18     49.    Defendant admits that Plaintiff seeks certain remedies, but Defendant denies

19 that Plaintiff is entitled to any of the relief requested in paragraph 49 of the Complaint.

20 Defendant denies all other allegations contained in paragraph 49 of the Complaint.

21     50.    Defendant admits that Plaintiff seeks certain remedies, but Defendant denies

22 that Plaintiff is entitled to any of the relief requested in paragraph 50 of the Complaint.

23 Defendant denies all other allegations contained in paragraph 50 of the Complaint.

24                        **THIRD CAUSE OF ACTION**

25              **VIOLATIONS OF CALIFORNIA'S CIVIL RIGHTS ACT**

26                  **(California Civil Code § 54, 54.1 and 54.3.)**

27     51.    Paragraph 51 of the Complaint simply incorporates by reference prior

28 paragraphs of the Complaint.  Defendant incorporates by reference, as though fully set forth,

its responses stated above to each of the paragraphs Plaintiff incorporates by reference.

52. Paragraph 52 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 52 of the Complaint. Defendant is without sufficient knowledge to form a belief whether or not Plaintiff is a person with a disability. Defendant denies all other allegations contained in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant admits that Plaintiff seeks certain remedies in the Complaint, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 55 of the Complaint. Defendant denies all other allegations contained in paragraph 55 of the Complaint.

56. Defendant admits that Plaintiff seeks certain remedies in the Complaint, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 56 of the Complaint. Defendant denies all other allegations contained in paragraph 56 of the Complaint.

57. Defendant admits that Plaintiff seeks certain remedies in the Complaint, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 57 of the Complaint. Defendant denies all other allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant admits that Plaintiff seeks certain remedies in the Complaint, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 59 of the Complaint. Defendant denies all other allegations contained in paragraph 59 of the

1    Complaint.

2        60.    Defendant denies the allegations contained in paragraph 60 of the Complaint.

3        61.    Defendant denies the allegations contained in paragraph 61 of the Complaint.

4        62.    Defendant denies the allegations contained in paragraph 62 of the Complaint.

5        63.    Defendant admits that Plaintiff seeks certain remedies in the Complaint, but

6    Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 63 of the

7    Complaint. Defendant denies all other allegations contained in paragraph 63 of the

8    Complaint.

9                        **FOURTH CAUSE OF ACTION**

10              **VIOLATIONS OF CALIFORNIA'S UNRUH CIVIL RIGHTS ACT**

11                      **(California Civil Code § 51 and 51.5.)**

12        64.    Paragraph 64 of the Complaint simply incorporates by reference prior

13    paragraphs of the Complaint. Defendant incorporates by reference, as though fully set forth,

14    its responses stated above to each of the paragraphs Plaintiff incorporates by reference.

15        65.    Defendant denies the allegations contained in paragraph 65 of the Complaint.

16        66.    Paragraph 66 of the Complaint contains legal conclusions or principles that

17    Defendant is not obligated to answer. To the extent that a response is required, Defendant

18    denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and

19    denies the allegations contained in paragraph 66 of the Complaint.

20        67.    Paragraph 67 of the Complaint contains legal conclusions or principles that

21    Defendant is not obligated to answer. To the extent that a response is required, Defendant

22    denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and

23    denies the allegations contained in paragraph 67 of the Complaint.

24        68.    Defendant admits that Plaintiff seeks certain remedies, but Defendant denies

25    that Plaintiff is entitled to any of the relief requested in paragraph 68 of the Complaint.

26    Defendant denies all other allegations contained in paragraph 68 of the Complaint.

27                            **AFFIRMATIVE DEFENSES**

28        As separate and distinct affirmative defenses to Plaintiff's unverified Complaint,

1  Defendant alleges as follows:

2  **FIRST AFFIRMATIVE DEFENSE**

3      1.    Defendant alleges that neither the Complaint, nor any cause of action set

4  forth therein, states facts sufficient to constitute a cause of action against Defendant.

5  **SECOND AFFIRMATIVE DEFENSE**

6      2.    Defendant alleges that Plaintiff's claims are barred from any remedy, or

7  certain remedies, by the doctrine of estoppel.

8  **THIRD AFFIRMATIVE DEFENSE**

9      3.    Defendant alleges that Plaintiff's claims are barred, in whole or in part,

10 because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any

11 of the alleged conduct and/or alleged omissions of Defendant.

12 **FOURTH AFFIRMATIVE DEFENSE**

13     4.    Defendant alleges that Plaintiffs claims for injunctive relief are barred, in

14 whole or in part, because Plaintiff's legal remedies are adequate.

15 **FIFTH AFFIRMATIVE DEFENSE**

16     5.    Defendant alleges that Plaintiff's claims are barred from any remedy, or

17 certain remedies, under the doctrine of laches.

18 **SIXTH AFFIRMATIVE DEFENSE**

19     6.    Defendant alleges that Plaintiff's claims are barred from any remedy, or

20 certain remedies, under the doctrine of unclean hands.

21 **SEVENTH AFFIRMATIVE DEFENSE**

22     7.    Defendant alleges that Plaintiff lacks standing to sue and fails to allege a

23 case or controversy under the law.

24 **EIGHTH AFFIRMATIVE DEFENSE**

25     8.    Defendant alleges that Plaintiff has failed to mitigate her alleged damages.

26 **NINTH AFFIRMATIVE DEFENSE**

27     9.    Defendant alleges that California Civil Code §§ 51, 52, 54, 54.1 and 54.3

28 and California Health and Safety Code §§ 19955 *et seq*. do not create a private cause of

1  action for damages for alleged discrimination. California Civil Code § 55 provides only a

2  private cause of action to enjoin such alleged statutory violations.

3  **TENTH AFFIRMATIVE DEFENSE**

4  10.    Assuming *arguendo* that Plaintiff was denied access to a place of public

5  accommodation (which Defendant expressly denies), Defendant alleges that such

6  exclusion was not unlawful because access could not be provided to Plaintiff without

7  causing undue hardship to Defendant.

8  **ELEVENTH AFFIRMATIVE DEFENSE**

9  11.    Assuming *arguendo* that Plaintiff was denied access to the subject facility

10  (which Defendant expressly denies), Defendant alleges that such exclusion was not

11  unlawful because access could not be provided to Plaintiff without fundamentally altering

12  the nature and/or character of the business establishment and the goods and services

13  provided therein.

14  **TWELFTH AFFIRMATIVE DEFENSE**

15  12.    Assuming *arguendo* that Plaintiff was denied access to the subject facility

16  (which Defendant expressly denies), Defendant alleges that such exclusion was not

17  unlawful because barrier removal was not "readily achievable."

18  **THIRTEENTH AFFIRMATIVE DEFENSE**

19  13.    Assuming *arguendo* that Plaintiff was denied access to the subject facility

20  (which Defendant expressly denies), Defendant alleges that such exclusion was not

21  unlawful because the facility operated by Defendant was not a newly constructed facility

22  and did not have any alterations, requiring compliance with Title III of the Americans

23  with Disabilities Act, California Health & Safety Code Section 19955 et seq., or Title 24

24  of the California Code of Regulations, during the relevant time frame.

25  **FOURTEENTH AFFIRMATIVE DEFENSE**

26  14.    Assuming *arguendo* that the facilities at issue were designed, developed,

27  constructed, modified and/or altered in violation of federal and/or California law (which

28  Defendant expressly denies), Defendant alleges that all legal requirements for access by

1   disabled persons have been met through the obtaining of necessary permits from

2   appropriate legal authorities for the construction, alteration or modification of the

3   premises, and that Defendant reasonably relied on the actions of such legal authorities.

4                          **FIFTEENTH AFFIRMATIVE DEFENSE**

5            15.    Defendant alleges that California Civil Code §§ 54.3 and 55, providing for

6   public prosecution and private injunctive relief for violations of California Civil Code

7   §54.1, are to be exclusive, and that damages provided for by California Civil Code §52

8   are not recoverable for such violations.

9                          **SIXTEENTH AFFIRMATIVE DEFENSE**

10           16.    Assuming *arguendo* that the facilities at issue were designed, developed,

11  constructed, modified and/or altered in violation of federal and/or California law (which

12  Defendant expressly denies), Defendant alleges that it had no such knowledge.

13                       **SEVENTEENTH AFFIRMATIVE DEFENSE**

14           17.    Defendant alleges that it did not deny Plaintiff full and equal access to

15  goods, services, facilities, privileges, advantages or accommodations within a public

16  accommodation owned, leased and/or operated by Defendant as required by California

17  and federal laws, including, but not limited to, the Americans with Disabilities Act, 42

18  U.S.C. §§ 12101 *et seq*., the California Disabled Persons Act, California Civil Code §§ 54

19  *et seq*., the California Unruh Civil Rights Act, California Civil Code §§ 51 *et seq*., and the

20  California Health and Safety Code Part 5.5.

21                        **EIGHTEENTH AFFIRMATIVE DEFENSE**

22           18.    Defendant alleges that it provided Plaintiff with alternative methods for

23  access to the facility.

24                        **NINETEENTH AFFIRMATIVE DEFENSE**

25           19.    Defendant alleges that Plaintiff has failed to exhaust the administrative

26  remedies available to her.

27                         **TWENTIETH AFFIRMATIVE DEFENSE**

28           20.    Defendant alleges that Plaintiff failed to notify Defendant of her need, if

any, for equivalent service and access or accommodation, and failed to allow Defendant the opportunity to provide such equivalent service and access or accommodation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Defendant alleges that the acts or omissions alleged were the proximate result of the conduct of third persons such that Defendant cannot be held liable for such acts or omissions, and that said third persons owe a duty to Defendant to indemnify it for any damages, attorneys' fees and/or costs incurred as a result of its litigation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Defendant alleges that the alleged acts or omissions to which Plaintiff refers which form the basis of Plaintiff's Complaint were done, if at all, in good faith, honestly and without malice and Defendant has not violated any rights Plaintiff may have under federal, state or local laws, regulations or guidelines.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Defendant alleges that the cost of some or all of the modifications to the subject properties that Plaintiff seeks to have imposed upon Defendant is disproportionate in terms of the cost and scope to that of any alterations made within the statutory period, if any.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Defendant alleges that it granted Plaintiff access to the subject facilities, and if Plaintiff was in fact excluded from the subject facility (which Defendant expressly denies), any such exclusion was for reasons rationally related to the services performed and the facilities provided by Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Defendant alleges that it has fulfilled any obligation that it may have had to reasonably accommodate Plaintiff's alleged disabilities.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Defendant alleges that any and all actions taken by Defendant, or anyone acting on its behalf, if any, with respect to Plaintiff or the conditions of the establishment

1    in question, were for lawful and legitimate, non-discriminatory reasons.

2    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

3    27.    Defendant alleges that the Complaint and each and every cause of action

4    alleged therein is barred in that at all times relevant hereto, Defendant acted reasonably,

5    in good faith and without malice, based upon the relevant facts and circumstances known

6    to it at the time it acted, if at all.

7    **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

8    28.    Defendant alleges that Defendant's services and/or facilities provided to

9    the public are readily accessible to and usable by persons with disabilities as required by

10   California and federal laws, including, but not limited to, the Americans with Disabilities

11   Act, 42 U.S.C. §§ 12101 *et seq*., the California Disabled Persons Act, California Civil

12   Code §§ 54 *et seq*., the California Unruh Civil Rights Act, California Civil Code §§ 51 *et*

13   *seq*., and the California Health and Safety Code Part 5.5.

14   **TWENTY-NINTH AFFIRMATIVE DEFENSE**

15   29.    Defendant alleges that Plaintiff was not a true customer of the business, and

16   that Plaintiff was merely a tester engaged in visiting the subject facilities in order to

17   ascertain whether there were any purported ADA and/or related violations.

18   **THIRTIETH AFFIRMATIVE DEFENSE**

19   30.    Assuming *arguendo* that Plaintiff was denied access to the subject facility

20   (which Defendant expressly denies), Defendant alleges that it would be structurally

21   impracticable to design and construct the facility to make it reasonably accessible to

22   people with disabilities.

23   **THIRTY-FIRST AFFIRMATIVE DEFENSE**

24   31.    Assuming *arguendo* that Plaintiff was denied access to the subject facility

25   (which Defendant expressly denies), Defendant alleges that such exclusion was not

26   unlawful because the facility in which Defendant operates their business was not a newly

27   constructed facility, nor did it have any alterations requiring compliance with any

28   applicable law during the relevant time frame.

DEFENDANT'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        14

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.    Defendant alleges that Plaintiff did not exercise due caution or care with respect to matters alleged in the Complaint and if, in fact, Plaintiff suffered any damage or injury, Plaintiff contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to which Plaintiff might otherwise by entitled must be denied or reduced accordingly.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.    Defendant alleges that Plaintiff had equal access to the facilities at issue as non-disabled individuals.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34.    Defendant alleges that Plaintiff is not legally entitled to recover any attorneys' fees with regard to this matter.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35.    Defendant alleges that Plaintiff has failed to state facts sufficient to set forth claim(s) for treble damages.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36.    Defendant alleges that Plaintiff has failed to allege special damages with the requisite degree of specificity.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

37.    Defendant alleges that it owed no duty of care toward Plaintiff.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

38.    Defendant alleges that Plaintiff's alleged injuries and alleged damages, if any, were proximately caused and contributed to by the negligence of Plaintiff.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

39.    Defendant alleges that Plaintiff is not entitled to equitable relief insofar as she has adequate remedies at law.

**FORTIETH AFFIRMATIVE DEFENSE**

40.    Defendant reserves the right to amend its answer should it later discover

1   facts demonstrating the existence of new and/or additional affirmative defenses, and/or

2   should a change in the law support the inclusion of new and/or additional defenses.

3                              **PRAYER FOR RELIEF**

4          WHEREFORE, Defendant prays that:

5          1.      Plaintiff take nothing by way of her Complaint and each claim for relief

6   therein;

7          2.      The Complaint and each claim for relief therein be dismissed in entirety

8   with prejudice;

9          3.      Judgment be entered in favor of Defendant and against Plaintiff;

10         4.      Defendant recovers its costs and reasonable attorneys' fees incurred herein

11  as Plaintiff and her counsel are vexatious litigants who filed and pursued these frivolous

12  claims. *See Molski v. Mandarin Touch Restaurant*, 359 F. Supp. 2d 924 (CD. Cal. 2005)

13  (plaintiffs' counsel must seek leave of court before filing any claims under Americans

14  With Disabilities Act), *affirmed by Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047

15  (9th Cir. 2007); *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860 (C.D. Cal.

16  2004) (claim under American With Disabilities Act against Defendant constituted

17  vexatious litigation), *affirmed by Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th

18  Cir. 2007).

19         5.      Defendant be awarded its costs of suit herein; and

20         6.      The Court grant Defendant such additional relief as is just and proper.

21

22  Dated:  June 4, 2008                JANSSEN, MALLOY, NEEDHAM, MORRISON,
                                        REINHOLTSEN, CROWLEY & GRIEGO, LLP
23

24                                      By: _____/s/_____
                                            MICHAEL MORRISON
25                                          FRANCES K. GREENLEAF
                                            Attorneys for Defendant
26                                          Open Door Community Health Centers
                                            dba Humboldt Open Door Clinic
27

28